United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40151
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEKIA PUGH,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CR-256-1
---------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Nekia Pugh was convicted by a jury on one count of possession with intent to distribute and distribution of five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 87 months' imprisonment followed by five years' supervised release. Pugh now appeals the district court's judgment.

In the sole issue he raises on appeal, Pugh argues that his trial counsel rendered ineffective assistance by (1) eliciting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

testimony from him about plea discussions that otherwise would not have been admissible and which opened the door to testimony that he previously had purchased cocaine and (2) failing to object to and to request a curative instruction to remove the taint of testimony that he may have threatened the life of a key witness.  Pugh did not raise his ineffective assistance claims in the district court.

As a general rule, we decline to review claims of ineffective assistance of counsel on direct appeal, although we may do so in exceptional cases where the record is adequate to allow review of the claims' merits.  See United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987); see also Massaro v. United States, ___ U.S. ___, 123 S. Ct. 1690, 1694 (2003) (stating that 28 U.S.C. § 2255 motion is preferred method for raising claim of ineffective assistance of counsel).  This is not the exceptional case.  Accordingly, we decline to review Pugh's ineffective assistance claim on direct appeal.  The judgment of the district court is AFFIRMED.